PER CURIAM.
This proceeding is before the Court for consideration of the guilty plea and consent judgment filed by attorney Raymond O. Bodiford. The Florida Bar recommends *266 that we accept the plea and impose the agreed discipline.
Respondent admits to having failed to conduct trust account operations in accordance with the requirements of the former Integration Rule of The Florida Bar, article XI, rule 11.02(4), and applicable Bylaws, and that he also violated the former Code of Professional Responsibility, Disciplinary Rule 9-102(A), by depositing personal funds in his trust account.
In a separate disciplinary matter, respondent admits to having violated the former Integration Rule, article XI, rule 11.02(3)(b) (misconduct constituting a felony or a misdemeanor), and the former Code, Disciplinary Rule 1-102(A)(6) (conduct adversely reflecting on fitness to practice law). The respondent was neither charged with nor convicted of the offense, and it did not involve a client.
The consent judgment on discipline, approved by The Florida Bar, provides for the imposition of the following measures:
(A) suspension from the practice of law for a period of ninety (90) days;
(B) following the ninety-day suspension, Respondent shall be placed on probation for a minimum period of three years. The purpose of this probationary period is to ensure that Respondent is both properly maintaining his trust account and that Respondent’s ability to practice law is not impaired by narcotics or any form of substance abuse. In furtherance of these objectives Respondent’s probation is subject to the following terms and conditions:
(1) During the period of probation, Respondent is required to submit quarterly reports from a certified public accountant reflecting that his trust account records are in compliance with the Rules Regulating Trust Accounts.
(2) Respondent shall contact Florida Lawyers Assistance, Inc., and thereafter continuously participate in a course of treatment for substance abuse that is either promulgated or approved by that entity.
(3) Respondent shall be precluded from engaging in the practice of law until such time as Florida Lawyers Assistance, Inc., certifies to The Florida Bar that any narcotics or substance abuse problem is under control and will not impair Respondent’s ability to practice law.
(4) Should Florida Lawyers Assistance, Inc., subsequently advise The Florida Bar that Respondent may be impaired due to any suspected form of narcotics or substance abuse Respondent agrees to be placed on the inactive list for incapacity not related to misconduct pursuant to the provisions of The Rules Regulating The Florida Bar, Rule 3-7.12.
(5) Respondent further agrees that if placed on the inactive list he shall refrain from the practice of law until he is readmitted pursuant to Rule 3-7.12, Rules of Discipline. Any such readmission shall require, as a condition precedent, recertification from Florida Lawyers Assistance, Inc., that Respondent’s substance abuse is under control and will not impair his ability to practice law. The process of placement on the inactive list shall be repeated each time that Respondent proves unable to control his narcotic or substance abuse as reported to The Florida Bar by Florida Lawyers Assistance, Inc., and readmission will require the aforesaid re-certification from Florida Lawyers Assistance, Inc.
(6) Failure to abide by all the terms and conditions of probation may also result in termination of probation as provided by Rule 3-5.1(c) of the Rules of Discipline;
(C) taxation of costs of the disciplinary proceedings, including the audit, assessed against Respondent, with execution to issue at a rate of 12% to accrue on all costs not paid within thirty (30) days of entry of the Supreme Court’s final order, unless the time for payment is extended by the Board of Governors.
(D) In addition- to payment of the costs of this disciplinary proceeding, as set forth above, prior to discharge from probation, Respondent shall be required to *267 pay the cost of evaluation and probation supervision, including monitor evaluation, by Florida Lawyers Assistance, Inc.
We approve the consent judgment and impose discipline accordingly. Raymond 0. Bodiford is hereby suspended from the practice of law for a period of ninety days, followed by probation for at least three years under the conditions set forth above. As is required by rule 3-5.1(h) of the Rules Regulating The Florida Bar, respondent must provide notice of his suspension to his clients, and an affidavit to the Bar concerning such notice. So that respondent can close his practice in an orderly fashion, taking steps to safeguard the interests of his clients, this suspension shall take effect thirty days from the date of this judgment.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Raymond 0. Bodiford for costs in the amount of $1,000, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.